# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Beverly Watson, on behalf of herself and all others similarly situated, )<br><br>                              Plaintiffs, )<br><br>v. )<br><br>Robert A. McDonald, in his official capacity as Secretary of Veterans Affairs, )<br><br>Timothy McMurry, in his official capacity as the Medical Director of William Jennings Bryan Dorn VA Medical Center, )<br><br>Ruth Mustard, RN, in her official capacity as the Associate Director for Patient Care/Nursing Services of William Jennings Bryan Dorn VA Medical Center, )<br><br>David L. Omura, in his official capacity as the Associate Director of William Jennings Bryan Dorn VA Medical Center, and )<br><br>Jon Zivony, in his official capacity as the Assistant Director of William Jennings Bryan Dorn VA Medical Center, )<br><br>Sue Panfil, in her official capacity as the Privacy Officer of William Jennings Bryan Dorn VA Medical Center, )<br><br>                              Defendants. ) | Civil Action No.: 3:14-3594-TLW<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br>(Class Action) |

COMES NOW PLAINTIFF, Beverly Watson, on behalf of herself and all others similarly situated, who respectfully shows unto the Court as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory and injunctive relief and money damages for Defendants' violations of federal law, including but not limited to, the Administrative Procedure

Act ("APA"), and the Privacy Act ("Privacy Act"), each as amended.  Plaintiff seeks to represent the individuals who have been placed under threat and in reasonable fear of identity theft, destruction of credit, and financial and health insurance fraud because of Defendants' willful and intentional actions and reckless disregard for the safeguarding of these citizens' personal identifying and medical information (the "Class").

2.    On or about July 14, 2014, Defendants suffered the loss or theft of four boxes of pathology reports ("Records") containing the private personal and medical information ("Personal Information") of at least 2,179 veterans who had received or were receiving medical treatment in Defendants' facilities in this state, specifically including the William Jennings Bryan Dorn VA Medical Center ("Dorn VAMC").   These Records included patients' names, full Social Security numbers, and pathology reports.  Once Defendants lost control of the Records, Defendants failed to timely report the event to Plaintiff and affected veterans.   Upon information and belief, Defendants waited nearly two months before notifying anyone outside of VA of the loss of the Records, without good cause for that delay.

3.    The loss of the Records on July 14, 2014 comes on the heels of an incident that took place on February 11, 2013 in which Defendants suffered the loss or theft of a laptop computer containing the private personal and medical information of approximately 7,500 veterans who had received or were receiving medical treatment at Dorn VAMC.  A lawsuit was filed on behalf of the affected veterans and is currently pending in the United States District Court, District of South Carolina (*Richard G. Beck, et al. v. Eric K. Shinseki, et. al,* C/A No. 3:13-CV-999-TLW).

4. The Personal Information on the Records was not properly safeguarded by Defendants as required by law, policy, minimum accepted industry standards, and repeated public representations by the Department of Veterans Affairs ("VA" or "Department").

5. Defendants failed to properly perform the duties and responsibilities of their respective VA positions by failing to require compliance with applicable federal statutes, regulations, policies, and procedures regarding Privacy Act records and failed to ensure that Plaintiffs' Personal Information was protected from the intentional, willful, reckless, arbitrary, and capricious actions and inactions of other Defendants and their agents, servants, and employees.

6. Defendants flagrantly disregarded the privacy interests of affected veterans, including Plaintiffs, by illegally, intentionally, and willfully ignoring, and knowingly allowing its employees, contractors, servants, and other Department officials to ignore, the requirements of federal statutes and regulations, applicable Department policies and procedures for properly creating, maintaining, accessing, disclosing, and using Personal Information under their control.

7. Defendants' intentional, willful, and reckless disregard for Plaintiffs' privacy interests are most obvious in their failing to make even the most rudimentary effort to safeguard Plaintiffs' Personal Information from unauthorized disclosure and theft despite the 2013 incident involving the loss of an unencrypted laptop and nearly after a notorious 2006 event involving the loss of the Personal Information of more than 26 million veterans and several subsequent similar events. Defendants' failure to implement competent safeguards, or to base any safeguards on a reasonable and up-to-date security threat analysis, allowed Plaintiffs' Personal Information to literally walk out the door.

8.    Defendants' intentional, willful, and reckless actions and inactions have inflicted, and will long continue to inflict actual damages and real costs on Plaintiff and the proposed Class.

## JURISDICTION AND VENUE

9.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(1), (5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a after September 27, 1975.

10.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11.    Plaintiff Beverly Watson is a citizen and resident of Richland County, South Carolina, and is an honorably discharged veteran who has received medical treatment and other health care at Dorn VAMC.

12.    Defendant Robert McDonald is the Secretary of Veterans Affairs and, among other duties, was the official responsible for the proper execution and administration of all laws administered by the Department of Veterans Affairs at all times complained of herein.

13.    Defendant Timothy McMurry is the Dorn VAMC Medical Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

14.    Defendant Ruth Mustard, RN, was the Dorn VAMC Director for Patient Care/Nursing Services and, among other things, was responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

4

15.     Defendant David L. Omura was the Dorn VAMC Associate Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

16.     Defendant Jon Zivony was the Dorn VAMC Assistant Director and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

17.     Defendant Sue Panfil is the Dorn VAMC Privacy Officer and, among other duties, was an official responsible for the proper execution and administration of the laws relevant to operation of the facility at all times complained of herein.

18.     All Defendants are sued in their official capacities.

19.     The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this court.

## STATEMENT OF THE FACTS

20.     On or about July 14, 2014, Defendants suffered the loss or theft of four boxes of pathology reports ("Records") containing the private personal and medical information ("Personal Information") of at least 2,179 veterans who had received or were receiving medical treatment in Defendants' facilities in this state, specifically including the William Jennings Bryan Dorn VA Medical Center ("Dorn VAMC").  The Records contained individual identifying information including, but not limited to, names, social security numbers, and veterans' confidential medical and disability information.

21.     The loss of the Records on July 14, 2014, comes on the heels of an incident that took place on February 11, 2013 in which Defendants suffered the loss or theft of a laptop computer

5

containing the private personal and medical information of approximately 7,500 veterans who had received or were receiving medical treatment at Dorn VAMC.  A lawsuit was filed on behalf of the affected veterans and is currently pending in the United States District Court, District of South Carolina (*Richard G. Beck, et al. v. Eric K. Shinseki, et. al,* C/A No. 3:13-CV-999-TLW).

22.    To date, the Records have not been returned to Defendants and it, and the Personal Information contained in it, remains unaccounted for.

## APA VIOLATIONS

23.    As of at least July 14, 2013, Defendants were required, at a minimum, to comply with the "Privacy Act Guidelines – July 1, 1975" published in the Federal Register on July 9, 1975, unless the requirements therein were subsequently modified or eliminated.  In addition, Defendants were required to comply with numerous federal statutes, regulations, technical standards, as well as Department policies, procedures, and rules promulgated since the Department's 2006 loss of a laptop containing the personal information of 26 million veterans.

24.    Well before July 14, 2013, Department regulations, e.g., 38 C.F.R. § 1.576, and numerous Department policies, directives, and procedures required Defendants to safeguard an individual against an invasion of privacy, to collect, maintain, use, or disseminate records of personally identifiable information in a manner that assured that such action was for a necessary and lawful purpose, and to ensure that adequate safeguards are provided to prevent misuse of such information.

25.    Well before July 14, 2013, other federal rules, regulations, procedures and guidance documents established minimum standards for Defendants' actions in gathering, maintaining, disclosing, using, and safeguarding personal and medical information.  Examples of this guidance

include Office of Management and Budget guidelines, Federal Information Processing Standards, and National Institute of Standards and Technology ("NIST") standards.

26.     Defendants failed to comply, and failed to ensure compliance, with the applicable laws and standards or to have adequate and appropriate Dorn VAMC policies and procedures in place to prevent the compromise of Plaintiff's Personal Information.

27.     Defendants' failures are especially egregious in light of previously acknowledged safeguard failures, including a security breach at the very same facility in 2013 and a breach at another VA medical facility in 2007 under essentially indistinguishable circumstances, and widely disseminated reports of the lack of adequate Department information security safeguards.  The latest failure of safeguards also comes in the midst of continuing representations to the Court in *Beck* that the Dorn facility had corrected the deficiencies in the very safeguards that underlie this latest event.

## UNAUTHORIZED DISCLOSURE

28.     The Privacy Act requires that personal information maintained by government agencies, including VA, only be disclosed (1) upon written authorization of the individual to whom the information pertains or (2) to persons who have been authorized to access the information pursuant to applicable regulations and procedures and then only for specified "routine" uses.

29.     Plaintiff and members of the proposed class did not give Defendants written permission for their Privacy Act Records and other Personal Information to be placed in unsecured boxes.

30.     This use of Plaintiff's and the proposed class's Personal Information was not authorized pursuant to law or Defendants' administrative processes, in that there was no

7

submission of a request for access and a formal authorization granting access had not been executed.

31.     Defendants' failure to physically safeguard Plaintiff's and members of the proposed class's Personal Information is further evidenced in that the individual or individuals that took and retain physical control of the Records containing Plaintiffs' Personal Information was not challenged by Defendants, or any other VA employees, regarding his or her authority to possess, access, or use the Records and remain unknown and at large.

## FAILURE TO SAFEGUARD

32.     Minimum requirements and standards for federal information security have long been available to federal agencies and officials, and the Department and Defendants are, or should be, well aware of their responsibilities and duties under those requirements.  Further, the Department has made almost innumerable commitments to veterans, Congress, and the American people that it would properly safeguard personal information since 2006 when it lost control of the Personal Information of an estimated 26 million veterans and their families.

33.     Defendants have not met their commitments and have again – at least twice in two years - failed to protect veterans' Personal Information, including Plaintiffs' Personal Information. Defendants' failures are all the more egregious in this case because they were aware of ongoing gaps in security identified by other security breaches, including a 2013 loss of an unencrypted laptop at Dorn VAMC and the 2007 loss of a laptop improperly containing personal information from a Birmingham VA medical facility under essentially the same circumstances as in this case.

34.     It is also clear that Defendants failed to implement an adequate physical security program at Dorn VAMC and have not implemented any means to identify unauthorized personnel

8

in areas containing medical records and veterans' Personal Information or to prevent the removal of sensitive records from Dorn VAMC workplaces.

## INTENTIONAL AND WILLFUL VIOLATIONS

35.    One or more of Defendants' employees, agents, contractors, or servants intentionally and willfully transferred Plaintiffs' Personal Information to the missing boxes and improperly attempted to transfer or store the information in violation of the applicable legal and administrative requirements and without appropriate safeguards.

36.    Numerous federal laws require that Defendants implement safeguards for information systems that support VA operations which include (1) periodic assessments of the risk and magnitude of harm that could result from the unauthorized access and use of that information and (2) policies and procedures that are based on those risk assessments.  Defendants did not require or ensure compliance with these fundamental information security requirements.

37.    Long-standing weaknesses in the Department's security systems were responsible for the loss of the Records on July 14, 2014.  Defendants failed to heed years of warnings about lax security from its own Inspector General and other agencies, such as the Government Accountability Office, and failed to implement numerous and repeated recommendations for correction of these deficiencies at Dorn VAMC.

38.    Defendants knew, or should have known, that their officers, employees, contractors, agents, or servants had ignored or failed to enforce VA and other federal requirements for ensuring that Personal Information, including Privacy Act records, were accessible only by properly authorized individuals, but did not require compliance therewith.

39.    VA officials, including Defendants, intentionally and willfully ignored specific and repeatedly identified weaknesses and vulnerabilities regarding the storage, transfer, protection and safeguarding of veterans' Personal Information.

40.    Defendants' inaction towards the persistent, unabated, and unaddressed security threats presented by the unmonitored activities of their employees, agents, contractors, and servants constitutes intentional and willful conduct so reckless as to exceed the standard of conduct for gross negligence.

41.    Further exacerbating the harm from their inactions, once Defendants lost control of Plaintiffs' Records at Dorn VAMC, Defendants failed to timely report the event to Plaintiff or the affected veterans.    Upon information and belief, Defendants waited nearly two months before notifying anyone outside of VA of the safeguards failure, without good cause for that delay as concern for further embarrassment of the Department or Defendants is not good cause as a matter of law.

## ADVERSE EFFECTS AND DAMAGES

42.    Each of Defendants' failures caused Plaintiff and the proposed class adverse impacts and harm including, but not limited to, the threat of current and future substantial harm from identity theft and other misuse of their Personal Information.    The threat of identity theft, medical insurance abuse, and similar adverse effects caused by Defendants' violations requires continuing affirmative actions by Plaintiffs to recover peace of mind, emotional stability, and personal security including, but not limited to, frequently obtaining and reviewing credit reports, bank statements, health insurance reports, and other similar information, purchasing credit watch services, and shifting financial accounts.

43.    Plaintiff and members of the proposed class have suffered, and will continue to suffer for the foreseeable future, tangible and intangible harm as a result of Defendants' failures and violations.  This harm includes pecuniary and non-pecuniary damages.

## CLASS ACTION ALLEGATIONS

44.    This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)-(3).

45.    The class consists of all persons who have been adversely effected by Defendants' violations of law and Defendants' failure to safeguard Plaintiffs' Personal Information.

46.    The class is so numerous that joinder of all members is impracticable.  The class size is at least 2,179, which is the number of individuals whose Personal Information Defendants admit was collected and maintained within four boxes of pathology reports reported missing.

47.    Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underlying action and relief sought.

48.    Class representatives' counsel is appropriately qualified and experienced to represent the class.

49.    There are substantial questions of fact and law common to all class members.  The legal issues raised in this Complaint include violations of the APA and the Privacy Act.  The factual issues of whether Defendants violated one or more legal requirements are common to all class members.  The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

50.     The claims of the representative Plaintiff are typical of the claims of the class members.  Representative Plaintiff is a military veteran who reasonably believes that her Personal Information was improperly safeguarded and improperly disclosed by Defendants.

51.     The representative Plaintiff will fairly and adequately protect the interests of the class.  Furthermore, the representative Plaintiff's claims span the breadth of issues raised in this action.

52.     The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

53.     Defendants' liability for damages can be established by facts and circumstances common to the class as a whole and do not require the examination of Plaintiff's individual circumstances.

54.     Questions of law and fact common to members of the class predominate over any questions affecting only individual members.

55.     A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because:  (A) the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation concerning the controversy is known to have been commenced by members of the class; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future; and (D) the difficulties in managing an action involving this class are significantly reduced by

existing databases of potential class members prepared by the government and veteran service organizations.

## **FIRST CLAIM FOR RELIEF**

### Violations of the Administrative Procedure Act

56.     Plaintiff reasserts her allegations set forth above and incorporate them by reference into this First Claim for Relief.

57.     On July 14, 2014, a number of federal rules, regulations, procedures, and standards governed Defendants' actions in gathering, maintaining, disclosing, using, and safeguarding Privacy Act records and systems of records.  Each of the applicable federal rules, regulations, procedures, and standards were final actions of a promulgating federal agency.

58.     Defendants were ultimately responsible for control, direction, and management of VA's processes, policies, and procedures for compliance with all applicable federal rules, regulations, guidelines, and standards applicable to Personal Information under the control of Dorn VAMC.

59.     Defendants intentionally, willfully, and unlawfully withheld and unreasonably delayed, required action, or acted so recklessly as to exceed the standard of conduct for gross negligence with respect to the applicable federal rules, regulations, guidelines, and standards for implementing the Privacy Act and associated safeguards at Dorn VAMC.  Defendants' actions in this regard were also arbitrary, capricious, and an abuse of discretion and were taken without observance of procedure required by law.

60.     Plaintiff was adversely affected and aggrieved as a result of Defendants' improper actions and inactions and is entitled to equitable relief for Defendants' violations of Plaintiff's

rights pursuant to the APA, 5 U.S.C. §§ 702, 704, and 706, and the inherent equitable powers of the Court.

## SECOND CLAIM FOR RELIEF

### Violation of the Privacy Act – Unauthorized Disclosure

61.     Plaintiffs reassert their allegations set forth above and incorporate them by reference into this Second Claim for Relief.

62.     Defendants were responsible for ensuring that only individuals authorized pursuant to approved rules, regulations, procedures, and standards compliant with the Privacy Act could access Plaintiff's Privacy Act records at the Dorn VAMC.

63.     Defendants failed to ensure that only VA employees, contractors, agents, and servants who had submitted access authorization requests, completed background checks, and met each of the other authorization process requirements could access VA Privacy Act systems of records, including Plaintiffs' Personal Information.  Upon information and belief, Defendants also failed to maintain any records of granted authorizations, requested or completed background checks, or to ensure that the sensitivity level that employees, agents, contractors and/or servants seeking to access Privacy Act records at or from the Dorn VAMC matched the sensitivity level of the information to be accessed.  Defendants' failures allowed an unauthorized individual or individuals to access and use Plaintiffs' Privacy Act records contained in the four boxes of pathology reports for unauthorized and improper purposes.

64.     Defendants flagrantly disregarded Plaintiff's privacy rights and caused Plaintiffs adverse effects by disclosing Plaintiffs' Privacy Act records to unauthorized persons, in violation of 5 U.S.C. § 552a(b).

65.     Defendant's violations of the Privacy Act disclosure requirements were intentional or willful, or were the result of conduct so reckless as to exceed the standard of conduct for gross negligence.

66.     Defendants' intentional and willful Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

## THIRD CLAIM FOR RELIEF

### Violation of the Privacy Act – Failure to Safeguard

67.     Plaintiffs reasserts their allegations set forth above and incorporate them by reference into this Third Claim for Relief.

68.     Defendants flagrantly disregarded Plaintiffs' privacy interests and caused Plaintiffs harm by failing to establish and ensure lawful compliance with appropriate administrative, technical, and physical safeguards requirements to insure the security and confidentiality of records and to protect against anticipated threats or hazards to the records' security or integrity, which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information was maintained, in violation of 5 U.S.C. §§ 552a(e)(9), (10).

69.     Defendants' violation of the Privacy Act safeguards requirements and failure to prevent or mitigate the effects of unauthorized and unmonitored transfer of sensitive data, including Privacy Act records, was either intentional and willful or the result of professional incompetence so reckless as to exceed the standard of conduct for gross negligence.

70.    Defendants' intentional and willful Privacy Act violations caused Plaintiffs to suffer actual damages and Plaintiffs are entitled to monetary damages and the costs of this action together with reasonable attorney fees pursuant to the Privacy Act and 5 U.S.C. § 552a(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

(a)    That this Court issue a declaratory judgment that Defendants violated, and continue to violate, Plaintiffs' rights under the APA and Privacy Act;

(b)    That this Court compel agency action unlawfully withheld or unreasonably delayed related to Defendants' compliance with VA policies, procedures, directives, regulations, and rules relating to the safeguarding of veterans' protected health information at Dorn VAMC;

(c)    That this Court enjoin Defendants and the officers, agents, contractors, employees, and servants of the Department, and those acting for and with them, to account for all Privacy Act records in the possession of the Department's Columbia Regional Office and Dorn VAMC or under their control, including all copies, whether authorized or unauthorized, on Department and personal computers, and on any data storage medium and to cause to be recovered or permanently destroyed any records or Personal Information derived from those records that is found in any unauthorized or improper location or maintained contrary to applicable standards for information security and safeguards, the Court to retain jurisdiction until such accounting is favorably reviewed by a panel of acknowledged experts

in information security independent of Defendants and approved by the Court;

(d)     That this Court grant to Plaintiffs judgment against Defendants for damages in an amount calculated to compensate each individual who suffered damages resulting from Defendants' violations, actions, and inactions;

(e)     That this Court grant to Plaintiffs judgment against Defendants for punitive damages to the degree allowed by law in an amount calculated to deter Defendants from continuing to ignore their duties and responsibilities to safeguard the Personal Information entrusted to them;

(f)     That this Court grant to Plaintiffs their costs and reasonable experts' and attorney's fees;

(g)     For an order certifying the class defined herein, appointing undersigned counsel as class counsel, approving Plaintiff as class representative, and requiring that notice be provided to the class; and

(h)     That this Court grant such additional relief as the Court deems proper and just.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY:    /s/ D. Michael Kelly
        D. Michael Kelly
        Fed. Id. No. 2299
        Brad D. Hewett
        Fed. Id. No. 10388
        Walton J. McLeod, IV
        Fed. Id. No. 10549
        500 Taylor Street
        P.O. Box 8113
        Columbia, SC 29202
        803/726-0123

        /s/ Douglas J. Rosinski
        Douglas J. Rosinski, Esq.
        Fed. Id. 6995
        701 Gervais St., Ste. 150-405
        Columbia, SC  29201-3066
        803.256.9555 (tel)
        888.492.3636 (fax)
        djr@djrosinski.com

        Attorneys for Plaintiffs

Columbia, South Carolina
September 9, 2014

18